IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                                                          PLAINTIFF

v.                              Civil No. 2:25-cv-02015-TLB-MEF

TIM GRIFFIN
(Arkansas Attorney General);
JUDGE SARAH CAPP
(Municipal Court Judge, Clarksville, Arkansas);
JUDGE FRED KIRKPATRICK
(Special Judge, Ret.);
PROSECUTING ATTORNEY STEVEN G. HIGGINS
(Johnson County, Arkansas)                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*. Also before the Court is Plaintiff's Motion for Emergency Injunction and Temporary Restraining Order. (ECF No. 6).

### I.   BACKGROUND

Plaintiff filed his Complaint on February 19, 2025. (ECF No. 1). Plaintiff alleges that his First and Fourteenth Amendment rights were violated when he was charged with cyberbullying pursuant to Ark. Code Ann. § 5-71-217 for criticizing the actions of public officials and threatening

1

them with lawsuits. (*Id.*). Plaintiff appears to raise both facial and "as applied"[1] challenges to the statute, stating that the statute's wording is vague and overbroad, does not give notice of proscribed conduct, and results in arbitrary enforcement. (*Id.* at 7, 9). Plaintiff states he has been "deterred from engaging in protected activity online" due to the statute. (*Id.* at 7). He alleges that he has been "sitting in jail for nine months" because of the interaction of this pending charge and his other cases, based on a probation revocation. (*Id.* at 5). Plaintiff states that: "Judge Capp presides over misdemeanor offences, S. Judge Fred Kirkpatrick is presiding over mine, Steve Higgins enforces/prosecutes on behalf of Arkansas . . .." (*Id.* at 5).

Plaintiff proceeds against Defendants in their official capacities only. (ECF No. 1 at 5, 9). Plaintiff seeks injunctive and declaratory relief. (*Id.* at 11).

In his Motion for Emergency Injunction and Temporary Restraining Order, Plaintiff expressly raises an "as applied" challenge to the statute. (ECF No. 6). Plaintiff asks that this Court issue an Order to "enjoin and postpone, enforcement of Ark. Code. Ann. § 5-71-217 (cyberbullying) and the trial set for February 27, 2025." (*Id.* at 1).

Review of Plaintiff's state court docket, and his other cases in this District, indicate that Plaintiff was charged with harassment and cyberbullying in *State v. Aiden Jones*, Case No. CKC-24-172. The case was dismissed, apparently based on plea deal in another case, on May 9, 2025.[2] The dismissal order does not indicate if the case was dismissed with or without prejudice, and it does not reference the case in which Plaintiff pled guilty.

---

[1] Plaintiff references the application of the statute to him in his Complaint, but he does not use the phrase "as applied" until his Motion for Emergency Injunction and Temporary Restraining Order. The Court will construe these documents to mean that Plaintiff intended to bring both a facial and "as applied" challenge to the cyberbullying statute.

[2] State docket information publicly available on the Internet at SearchAR Courts (last accessed June 13, 2025).

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

Plaintiff's claims against Judge Sarah Capp and Judge Fred Kirkpatrick are subject to dismissal. "Few doctrines were more solidly established at common law than the immunity of

3

judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981). Plaintiff's factual allegations against the Defendant Judges are for actions taken in their judicial capacity. Thus, any claim for damages against them is barred.

Furthermore, § 1983 precludes injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated, or declaratory relief was unavailable. 42 U.S.C. § 1983. Therefore, the Defendant judges are absolutely immune from suit.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Plaintiff's claims against Judge Sarah Capp and Judge Fred Kirkpatrick be DISMISSED WITHOUT PREJUDICE and these judges be TERMINATED as Defendants in this case.

2.  Plaintiff's facial and "as applied" challenges to Ark. Code. Ann. § 5-71-217 remain for service and further review against Defendants Griffin and Higgins.

3.  Plaintiff's Motion for Emergency Injunction and Temporary Restraining Order (ECF No. 6) be DENIED AS MOOT based on the dismissal of the charges against him in *State v. Aiden Jones*, Case No. CKC-24-172.

*Referral Status*: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE