IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                                                    PLAINTIFF

V.                                          CASE NO. 2:25-CV-2015

TIM GRIFFIN and
STEVEN HIGGINS                                                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 47) filed in this case on December 3, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, as well as Plaintiff Aiden Jones's Motion for Leave to Amend (Doc. 50).

Mr. Jones proceeds *pro se* in this case. He filed an original Complaint (Doc. 1) under 42 U.S.C. § 1983 on February 19, 2025, along with a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Defendants moved to dismiss (Doc. 28) and Mr. Jones moved for a temporary injunction (Doc. 40). Both motions were briefed in full and referred to the Honorable Mark Ford for purposes of making a Report and Recommendation ("R&R"). (Doc. 47). Neither party lodged objections and the time to file objections has now passed. On December 23, 2025, Mr. Jones moved for leave to amend his complaint to cure pleading deficiencies identified in the R&R. (Doc. 50). The proposed amendments include factual allegations clarifying his future intent to engage in protected speech to address the R&R's conclusion that Mr. Jones lacked standing to bring his claim, and amendments to the named Defendants, as neither have the authority to enforce the statute he challenges, Arkansas Code § 5-71-217.

1

In general, leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2); however, the Court in its discretion, may deny leave if the proposed amendment will cause the opposing party undue prejudice or constitute an exercise in futility, *see Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022).

Although Mr. Jones's amended complaint does address the deficiencies the R&R identified, leave to amend would nonetheless be futile because Mr. Jones's claims are *Heck* barred. As Mr. Jones's original complaint contends, "this case is . . . directly linked to" a state court case in which he is subject to a revocation judgment. *See* Doc. 1, p. 6. At the time the complaint was filed, he alleged he had "been sitting [in jail] for nine months." *Id*. at 5. Although the cyberbullying charge against Mr. Jones under Arkansas Code § 5-71-217 was eventually dismissed (Case No. CKC-24-172), the dismissal was in exchange for Mr. Jones's admissions at a revocation proceeding to the same factual conduct that would have supported the cyberbullying charge. *See* Doc. 29-1, 16:10–24 (admitting to conduct in second amended revocation petition); Doc. 51-1 (second amended revocation petition, including cyberbullying/harassment conduct).

Mr. Jones now argues in this lawsuit that the state unlawfully prosecuted him for the conduct that he admitted to in the revocation proceeding. He brings both facial and as-applied challenges to Arkansas Code § 5-71-217. Whether Mr. Jones may bring his claim is an admittedly difficult question under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, if his claims imply the invalidity of his conviction and he has not shown (and did not at the time of filing show) that his conviction was reversed or set aside, dismissal is appropriate even if Mr. Jones amends his complaint. *See Id*. at 486–87 ("a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" before they have a cognizable claim under § 1983). But there are a few wrinkles in Mr. Jones's case. Here, he admitted to the conduct that led to the revocation of his probation, but he now argues that his prosecution for that conduct violated the First Amendment. There is a question, then, whether Mr. Jones's challenge "necessarily implies" the invalidity of his conviction. Further, *Heck* involved a suit for damages (here, Mr. Jones seeks declaratory and injunctive relief), and did not involve a revocation proceeding. The Court takes each in turn.

A careful reading of *Heck* demonstrates that the case is not limited to only those cases where a defendant challenges the lawfulness of a statute underlying a conviction; rather, *Heck* applies to all federal claims under § 1983 "bearing that relationship [where the challenge is to an allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*] to a conviction or sentence that has not been so invalidated," no matter the mechanism of attack or statute of conviction. *Id*. at 477; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* applies even if a claim seeks damages only "for using the wrong procedure" not just to those "reaching the wrong result"). Further, *Heck* itself was a malicious prosecution claim—Mr. Heck was not challenging his conviction for voluntary manslaughter as unconstitutional. Nonetheless, *Heck* barred the collateral attack on his conviction. Here, were Mr. Jones to be successful, it would necessarily disturb the basis for his revocation.

3

Further, while the Eighth Circuit has apparently not had occasion to address the issue, several courts have extended *Heck* to bar collateral attacks on a revocation judgment. *See Crow. V. Penry,* 102 F.3d 1086 (10th Cir. 1086) (applying *Heck* to bar § 1983 claim where challenge would imply the invalidity of plaintiff's parole revocation); *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995) (holding *Heck* applies to revocation proceedings); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (same). Last, while it is questionable whether *Heck* applies to suits seeking purely prospective injunctive relief, its bar has been extended to suits seeking declaratory relief, and naturally so—a declaratory judgment that suggests that the procedures leading to the revocation judgment here were invalid would necessarily imply that the judgment was invalid too. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Finally, Mr. Jones himself suggests he is challenging the validity of the admissions underlying his revocation judgment. *See* Doc. 1, p. 6 ("[T]he evidence vehemently suggests it's a 1st amendment prosecution . . . [t]he State attempts to cloak the foundation of the charge in its revocation petition by stating plaintiff committed the offense toward his ex-girlfriend . . . but instead lists he committed harassing communications to the actual alleged victims."). Allowing Mr. Jones's claim to proceed would amount to, as he suggests, a collateral attack on the revocation judgment against him. Amendment would thus be futile.

**IT IS THEREFORE ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY**, Defendants' Motion to Dismiss (Doc. 28) is **GRANTED**, and the Motion for Leave to Amend (Doc. 50) is **DENIED**.  The case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 9th day of March, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE